IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-05-96-GF-DLC-RKS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ARCHIE DEAN RED BOY III, | |
| Defendant. | |

**I. Synopsis**

Mr. Red Boy was accused of violating the conditions of his supervised release by consuming alcohol and failing to complete a sex offender treatment program. He admitted to the violations. Mr. Red Boy's supervised release should be revoked. He should be ordered to serve nine months in prison, and to continue the lifetime supervised release term already imposed.

**II. Status**

Mr. Red Boy was convicted by a jury of sexual abuse in 2005. CD 68. The

offense consisted of a sexual assault on a victim who was unconscious from intoxication. CD 1. The victim died from asphyxiation . CD 1; 105. Mr. Red Boy was sentenced to 87 months incarceration and lifetime supervised release. CD 80. He began the supervised release in October 2011. CD 105.

**Petition**

On August 29, 2013, the United States Probation Office petitioned the court to revoke Mr. Red Boy's supervised release. The petition alleged that Mr. Red Boy violated two conditions of his supervised release. It alleged he: 1) consumed alcohol in September 2012 and on several occasions in August 2013, in violation of Special Condition #3 of his supervised release, and 2) failed to complete sex offender treatment – from which he was terminated for alleged alcohol consumption – in violation of Special Condition #5. CD 105. Based on the petition, the undersigned issued a warrant for Mr. Red Boy's arrest.

**Initial appearance**

Mr. Red Boy was arrested on September 4, 2013. CD 102. He made an initial appearance before the undersigned on September 10. CD 103. He was represented by Federal Defender David Ness, who was appointed as counsel. Assistant United States Attorney Ryan Weldon represented the United States. Mr. Red Boy said he had read the petition and understood the allegations. Mr. Weldon

2

stated that Mr. Red Boy faces up to 24 months incarceration if his supervised release is revoked. Mr. Ness agreed. CD 103.

The undersigned discussed the Findings and Recommendations procedure, explaining that a revocation hearing would be held and a recommendation submitted to United States District Judge Dana L. Christensen. Mr. Red Boy was instructed that Judge Christensen will determine whether to revoke his supervised release and, if so, what sanction to impose. Mr. Red Boy was advised of his right to object to the recommendation before Judge Christensen makes those determinations. CD 103.

Mr. Red Boy waived his right to a preliminary hearing. A revocation hearing was scheduled for September 24, 2013. Mr. Red Boy was ordered detained pending the hearing.

**Revocation hearing**

Mr. Red Boy appeared at the revocation hearing before the undersigned on September 24 with his attorney, Mr. Ness. Mr. Weldon represented the United States.

Mr. Red Boy admitted violating his conditions of supervised release, as alleged in the petition. The undersigned believes Mr. Red Boy's voluntary admission adequately establishes the violations, and that the violations warrant

revocation of Mr. Red Boy's supervised release.

Mr. Red Boy's violation is Grade C. His criminal history category is I. His underlying conviction is for a Class c offense. Mr. Red Boy could be incarcerated for up to 24 months. The United States Sentencing Guidelines call for 3 to 9 months incarceration. Lifetime supervision has already been imposed on Mr. Red Boy, and will remain in effect upon completion of any custodial period imposed. Mr. Ness and Mr. Weldon agreed with those calculations.

Mr. Ness requested a sanction of incarceration at the low end of the guideline range. Mr. Ness noted that Mr. Red Boy completed two years of supervised release, demonstrating some ability to comply. Mr. Ness said Mr. Red Boy has a good reputation in his community, a stable family whom he supports, and a job waiting for him. Mr. Ness explained that Mr. Red Boy's lifelong struggles with alcohol had led to his violation.

Mr. Red Boy addressed the court. He said he takes responsibility for his actions and appreciates the seriousness of his underlying offense. He said he had been doing well on supervised release – working, supporting his family, and nearly completing sex offender treatment – before he succumbed to his alcohol addiction.

Mr. Weldon requested a sanction of nine months imprisonment. Mr. Weldon argued that a custodial period at the high end of the guideline range is

appropriate because alcohol use contributed to Mr. Red Boy's very serious underlying offense and Mr. Red Boy's sex offender treatment provider believed alcohol made him more like to re-offend.  Therefore Mr. Red Boy's violations seriously endangered the community, Mr. Weldon said.  Additionally, Mr. Red Boy admitted consuming alcohol in September 2012, but his probation officer gave him a second chance instead of seeking revocation at that time.

**III. Analysis**

Mr. Red Boy's supervised release should be revoked.  His alcohol consumption and failure to complete sex offender treatment are directly related to his underlying offense, and constitute serious breaches of the court's trust.

Mr. Red Boy should be ordered to serve nine months in prison, and to remain on supervised release thereafter.  A custodial term at the top of the guideline range is appropriate.  Considering the circumstances of his underlying offense – an alcohol-related sexual offense in which the victim lost her life – Mr. Red Dog's violations endanger the community.  They also demonstrate a lack of respect for court orders that requires a significant sanction.

Lifetime supervised release has already been ordered.  The conditions previously imposed should remain in effect; as set forth in the attached Judgement.

**IV. Conclusion**

Mr. Red Boy was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition. Mr. Red Boy was reminded that he has a right to object to this recommendation within 14 days of its issuance.

The court **FINDS:**

1. Mr. Red Boy violated Special Condition #3 of his supervised release by consuming alcohol in September 2012 and August 2013.

2. Mr. Red Boy violated Special Condition #5 of his supervised release by failing to complete a sex offender treatment program.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Red Boy's supervised release and ordering him into the custody of the United States Bureau of Prisons for 9 months, with lifetime supervised release to follow.

2. The District Court should maintain those conditions of supervised release previously imposed, as set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Dated the 25th day of September, 2013.

                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge